UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Emilio Evalio Arenas,<br><br>         Petitioner<br>v.<br><br>Warden, High Desert State Prison, et al.,<br><br>         Respondents | Case No. 2:22-cv-01714-JAD-DJA<br><br>**Order Directing Response to Request for Stay and Abeyance** |

  Emilio Arenas brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his Nevada state-court conviction for first-degree murder with use of a deadly weapon and first-degree kidnapping with use of a deadly weapon.[1] He has paid the filing fee,[2] so I direct the Clerk of Court to docket the petition. Arenas' petition "state[s] facts that point to a 'real possibility of constitutional error,'" so I also direct the Clerk to serve it on respondents.[3] Because the petition is an unexhausted petition for which Arenas requests a stay, I order respondents to address whether a stay is appropriate rather than respond to the petition itself.

  Unless a different triggering date applies, a state prisoner must file a federal habeas petition within one year of the date upon which his state conviction becomes final.[4] "The time during which a properly filed application for State post-conviction or other collateral review with

---

[1] ECF No. 1-1.

[2] ECF No. 4.

[3] Advisory Committee Notes for Rule 4 of the Rules Governing § 2254 Cases (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

[4] 28 U.S.C. § 2244(d)(1).

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under this provision.[5]

A petitioner may seek to avoid the predicament of discovering, after months or years of litigating in state court, that his state action was not properly filed and thus his federal habeas petition is time-barred, "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."[6] Under *Rhines v. Weber*, "stay and abeyance" is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.[7] "In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions."[8] The *Rhines* "good cause" standard does not require "extraordinary circumstances"; however, stays of mixed petitions should be granted in "limited circumstances."[9] "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."[10]

Here, Arenas reports that the Supreme Court of Nevada issued its remittitur with respect to his direct appeal on October 11, 2021, and identifies that date as the "triggering date" for the

---

[5] *Id*. § 2244(d)(2).

[6] *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

[7] *Rhines*, 544 U.S. at 277–78.

[8] *Id*.

[9] *Wooten v. Kirkland*, 540 F.3d 1019, 1023–24 (9th Cir. 2008) (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)).

[10] *Pace*, 544 U.S. at 416; *see also, e.g., Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006) (concluding "good cause" requires a petitioner "to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control").

one-year period within which he must file his state and federal petitions for a writ of habeas corpus.[11]  This court received Arenas's federal petition October 11, 2022, and he claims to have mailed his state petition to the state district court on October 6, 2022.  Accordingly, he asks this court to deem his federal petition timely filed and to stay consideration of it until the state proceeding is completed.

Arenas is correct about the triggering date for his state petition[12] but wrong with respect to his federal petition.  The period of "direct review" after which the state conviction becomes final under § 2244(d)(1)(A) includes a petition for a writ of certiorari in the United States Supreme Court.[13]  Arenas filed such a petition in this case.[14]  My online search reveals that the petition was denied by the Court on October 3, 2022.[15]  Thus, the one-year limitation period under § 2244(d)(1)(A) began to run October 3, 2022.

If Arenas has "properly filed" a state petition for post-conviction relief, the one-year limitation period is tolled and does not resume running until the state proceeding is concluded.  In that case, there would be no need to hold this proceeding in abeyance to prevent a statute of limitations problem because Arenas would still have nearly a year to file his federal petition.  Arenas may be justifiably concerned, however, about the timeliness of his state petition.  While

---

[11] ECF No. 1-2 at 2.

[12] *See* Nev. Rev. Stat. § 34.726 (requiring a petition challenging the validity of a judgment or sentence to be filed within one year of the issuance of the appellate court's remittitur).

[13] *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987) (holding that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." ).

[14] ECF No. 1-1 at 2.

[15] https://www.supremecourt.gov/Search.aspx?FileName=/docket/docketfiles/html/public\21-7898.htm (accessed November 9, 2022).

he states that he mailed it to the state district court on October 6, 2022, he has not provided confirmation that it was deemed filed by the October 12, 2022, deadline. Thus, rather than dismiss Arenas's "protective petition" as premature, I direct the respondents state their position with respect to his request for a stay. I will also allow Arenas to file a response.

**IT IS THEREFORE ORDERED** that the Clerk is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) and request for stay (ECF No. 1-2) on the respondents;

- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents; and

- **PROVIDE** respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

IT IS FURTHER ORDERED that **respondents must file a response to petitioner's request for stay within 30 days of service of the petition. Petitioner will then have 20 days from service of the response to file a reply.** Any other motions will be subject to the normal briefing schedule under the local rules.

Dated: November 28, 2022

_____
U.S. District Judge Jennifer A. Dorsey